IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JACKIE E. SCOTT                                                                                   PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:23CV205-MPM-RP

TALLAHATCHIE COUNTY LIBRARY                                                    DEFENDANT

**ORDER**

On August 17, 2023, Magistrate Judge Percy entered an order requiring the *pro se* plaintiff in this case to show cause why this action should not be dismissed as frivolous. In that order, Judge Percy wrote that:

> Presently before the court is Plaintiff Jackie E. Scott's motion to proceed in forma pauperis. Docket 2. In order to proceed in forma pauperis in federal court, in addition to meeting the financial prerequisites, a plaintiff must establish that he has not raised a frivolous or malicious claim or a claim that fails to state a claim on which relief may be granted. The applicable standard is found in 28 U.S.C. § 1915(e)(2), which applies equally to prisoner and nonprisoner in forma pauperis cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5 th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). The statute provides:
>> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).
> In his complaint for money damages, the plaintiff appears to claim that she has been the victim of age, race and employment discrimination by the Tallahatchie County Library System. Docket 1.
> Plaintiff alleges the following as a basis for her Complaint:
>> On January 5, 2021 Ms. Etheridge stated that I was fired. I asked her why I was being fired. She was very arrogant and disrespectful. She said that she did not have to give me a reason and that Mississippi is an at will state and that she could fire me for any reason.
>
> The plaintiff pleads no facts from which one could reasonably conclude that she was discriminated against on the basis of her age or race. A complaint fails to state a claim

1

> upon which relief can be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." Id. Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim on which relief may be granted. Id. The facts alleged by the plaintiff do not raise her right to relief above the speculative level, and her complaint therefore fails to state a claim on which relief may be granted.
>
> Additionally, the plaintiff makes no mention of filing any claim with the EEOC concerning her alleged improper termination. "It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted her administrative remedies by filing a charge of discrimination with the EEOC." *Blanchet v. Chevron/Texaco Corp.,* 368 F. Supp. 2d 589, 601 (E.D. Tex 2004). Likewise, a person seeking relief for age discrimination under the Age Discrimination in Employment Act must first file an administrative charge with the EEOC. *Julian v. City of Houston,* Tex., 314 F.3d 721, 725 5th Cir. 2002). The complaint fails to demonstrate or even allege that the plaintiff has exhausted her administrative remedies with the EEOC. Therefore, the plaintiff is ORDERED to show cause, no later than August 28, 2023, as to why her complaint should not be dismissed for failure to state a claim on which relief may be granted and/or for failure to exhaust her administrative remedies. If the plaintiff fails to respond and show cause as required by this order, the complaint will be dismissed.

[Order at 1-3].

After entering this show cause order, Judge Percy gave the plaintiff multiple extensions of time to respond to it, culminating in an October 16, 2023 order in which he gave her one last extension, along with a warning that "[p]laintiff or her attorney must respond to the Order to Show Cause no later than October 30, 2023. There will be no further extensions of time." [Docket entry 11 at 1]. This deadline has now passed, and plaintiff has failed to respond to Judge Percy's show cause order.

In light of the foregoing, this court agrees with Judge Percy that this case should be dismissed for, at a bare minimum, failure to exhaust administrative remedies. This court will, however, dismiss the action without prejudice to plaintiff re-filing a properly-drafted complaint asserting facts supporting a discrimination claim, after she has exhausted her administrative

remedies before the EEOC. This court cautions plaintiff that, in order to do so, it will almost certainly be necessary for her to obtain assistance of counsel.

It is therefore ordered that this action is dismissed without prejudice for failure to exhaust administrative remedies.

A separate judgment will be entered this date pursuant to Fed. R. Civ. P. 58.

This, the 1st day of November, 2023.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI